UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES DOWNING : | |
| : | PRISONER |
| v. : | Case No. 3:07cv582(SRU) |
| : | |
| COMMISSIONER LANTZ : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

James Downing, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Downing challenges his 1998 conviction on the ground that the trial court erred in permitting a criminologist to testify about blood spatter evidence and in denying his motion for mistrial. For the reasons that follow, the petition is dismissed.

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. The limitations period begins on the day the state conviction becomes final and is tolled during the time any state court challenge to the conviction is pending. See 28 U.S.C. § 2244(d).

Untimeliness of a federal habeas petition usually is raised in a motion to dismiss the petition. However, the court may raise the statute of limitations sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition and notice is provided to the petitioner. See Day v. McDonough, 547 U.S. 198, 209 (2006).

On October 17, 2007, the court notified Downing that the petition appeared to be time-barred and afforded him an opportunity to address the issue. Downing has not responded to the

court's order or sought an extension of time to do so.

The Connecticut Appellate Court affirmed Downing's conviction on February 26, 2002. See State v. Downing, 68 Conn. App. 388, 791 A.2d 649 (2002). The Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court on May 2, 2002. See State v. Downing, 260 Conn. 920, 797 A. 2d 518 (2002). His conviction became final on July 31, 2002, at the expiration of the time within which he could have filed a petition for certiorari to the United States Supreme Court. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (one-year statute of limitations begins to run from date upon which "the time to seek direct review via certiorari has expired"). The limitations period is tolled by the filing of a state habeas petition. See 28 U.S.C. § 2244(d)(2). Downing states that he filed a state habeas petition in 2002 and the court denied the petition in March 2005.[1] He did not seek appellate review. (See Pet. at 5.) Downing did not file the present petition until April 10, 2007, the day he presumably handed the petition to prison officials for mailing to the court. Thus, it is apparent that more than one year passed after Downing's state conviction became final and before he filed the present petition.

The petition for writ of habeas corpus [**Doc. #1**] is hereby **DISMISSED** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(2). The court concludes that reasonable

---

[1] The court has verified that the state habeas petition was filed on December 13, 2002 and dismissed on March 15, 2005. See www.jud2.ct.gov/civil_inquiry (last visited January 3, 2008). Thus, the statute of limitations ran for 134 days, from August 1, 2002 until December 12, 2002, the day before Downing filed his state habeas petition. The limitations period was then tolled during the pendency of the state habeas petition. The limitations period began to run again on March 26, 2005, after the conclusion of the time within which Downing could have filed his petition for certification to appeal to the Connecticut Appellate Court.

jurists would not find it debatable that the petition is time-barred.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to close this case.

**SO ORDERED** this 4th day of January 2008, at Bridgeport, Connecticut.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge